FILED - GR
January 30, 2024 12:56 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: /1-30

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JOHANNES M. PLOEG and HIEN DAO PLOEG,**<br><br>Plaintiffs,<br><br>vs.<br><br>**JENKINS ESTATES LTD and DAVID JON JENKINS**<br><br>Defendants. | Case No.: **1:24-cv-89**<br>**Paul L. Maloney**<br>**United States District Judge** |

## VERIFIED COMPLAINT

Hien Dao Ploeg and Johannes M. Ploeg, (together, "Plaintiffs"), hereby file this verified complaint against Jenkins Estates LTD and David Jon Jenkins (together, "Defendants"), as follows.

## NATURE OF THE ACTION

1. This action is for claims arising from the Michigan Builder Trust Fund Act (MCL 570.151), specifically, Defendants' intentional fraudulent use and conversion of money paid into the building contract fund by Plaintiffs for the construction of Plaintiffs' residential property, and for breach of contract.

1

## PARTIES

2. Johannes M. Ploeg is an individual and resident of the State of Georgia. Mr. Ploeg resides at 379 Dunleven Manor Walk, Lawrenceville, Gwinnett County, Georgia 30043. Mr. Ploeg willingly avails himself to the jurisdiction of this honorable court.

3. Hien Dao Ploeg is an individual and resident of the State of Georgia. Ms. Ploeg resides at 379 Dunleven Manor Walk, Lawrenceville, Gwinnett County, Georgia 30043. Ms. Ploeg willingly avails herself to the jurisdiction of this honorable court.

4. Jenkins Estates LTD is a domestic corporation, incorporated in the state of Michigan, whose principal place of business is 400 67th St SW Suite 14, Byron Center, Michigan 49315. Jenkins Estates LTD may be served through its registered agent located at 2441 Lake Dr SE, Grand Rapids, Michigan 49506.

5. David Jon Jenkins ("Jenkins") is an individual and resident of the State of Michigan and may be served at his residence at 2441 Lake Dr SE, Grand Rapids, Michigan 49506. Jenkins holds himself out to be the President, Treasurer, Secretary, Director, and sole shareholder of Jenkins Estates, LTD.

## JURISDICTION AND VENUE

6. Jurisdiction in the action is proper in this Court pursuant to 28 U.S. code § 1332 as there is diversity of citizenship between the parties as both Plaintiff and both

defendants are citizens of different states, and the amount in controversy exceeds $75,000.00.

## FACTUAL BACKGROUND

7. Plaintiffs are husband and wife and live in Georgia.

8. Defendant Jenkins Estates, LTD is a for profit corporation engaged in the building construction industry.

9. Defendant David Jon Jenkins is a contractor and CEO of Jenkins Estates, LTD, licensed to build homes in the State of Michigan. Jenkins, a builder in the construction industry, was at all times directly involved in the day-to-day operations of Jenkins Estates, LTD, and was the only officer with authority to sign checks on behalf of the corporation.

10. Plaintiffs desired to build a lake home in Michigan to retire and be closer to their children and grandchildren that reside in Michigan. In August of 2022, Plaintiffs purchased an undeveloped wooded ½ acre lot located on Lake Michigan, with a 70 ft bluff.

11. Around October of 2022, Plaintiffs contacted Jenkins who is CEO, of Jenkins Estates, LTD, and holds himself out as a builder of custom homes.

12. Jenkins introduced Plaintiffs to Visbeen Architects who were contracted to design Plaintiffs' Lake home. The architectural plans called out for a custom home

3

with a 3100 square feet main floor, 2800 square feet walk out basement, and a 1100 square ft garage.

13. On 05/22/2023, the parties entered into an agreement with Jenkins to build the home for a fixed cost of $1,178,128.38.

14. The home was to be built to the plans and specifications designed by Visbeen Architectures in Grand Rapids, Michigan.

15. Jenkins sent a text to Plaintiffs showing a rendition of the home and assured that this is "exactly what the home will look like…even down to the color of the brick."

16. Jenkins conducted all project planning using a software known as "Builder Trend." Plaintiffs were given access to the program for the purpose of receiving the build schedule, invoices, daily logs, change orders, etc.

17. Plaintiffs wired Jenkins Estates LTD $235,625.68 per contract (Phase i : 20% down) for Jenkins to order materials such as lumber, siding, windows, etc.

18. Jenkins assured Plaintiffs that full unconditional waivers and releases would be obtained from the sub-contractors and suppliers per the contract.

19. Jenkins released a build plan in the Builder Trend Software that included future invoices to be paid. The payment schedule called for $753,340.55 to be paid before "breaking ground" on the project.

20. On 06/26/23, Plaintiffs sent an email to Jenkins expressing concerns over why so much of the project must be paid in advance. Jenkins replied, "we need to

4

get the materials purchased for the project asap....(notably siding material) are quoted at longer as we need the stone to be from the same production lot so there are no color variations... since its a hard bid and until items are ordered we (JE) are liable to cover any price increase."

21. Jenkins never ordered the siding as promised.

22. Jenkins ordered the lumber but never paid for the lumber.

23. On 06/27/2023, Plaintiffs wired Jenkins Estates LTD $152,019.53 (50% of phase ii for tree removal, excavation, septic, windows, and additional materials)

24. Jenkins hired Busschers Septic Tank & Excavation Service Inc. ("Busschers") to perform the excavation work and install the septic.

25. Jenkins never paid Busschers who subsequently filed a lien on the property for $69,500.00.

26. The septic was never installed and some of the windows were never ordered.

27. On 07/31/2023, Plaintiffs wired Jenkins Estates LTD $140,019.53. (Final payment of phase ii covering tree removal, excavation and septic, windows, "additional materials")

28. On 08/09/2023, Plaintiffs wired Jenkins Estates LTD $65,000.00 (payment to start phase iii)

29. On 08/14/2023, Plaintiffs wired Jenkins Estates LTD $27,999.69. (final payment of 50% to start phase iii covering footings and foundation walls, flatwork, framing labor, roofing, well)

30. Foundation walls were poured by &R Flatwork & Poured Walls who subsequently sent a letter to Plaintiffs stating that they were not paid $52,907.00 for the job.

31. Framing labor was performed by Tru-built who left the job due to non-payment, only to return to install windows and missing dormer after Plaintiffs paid off the balance due.

32. Roofing was never completed by Jenkins. Plaintiffs hired a roofer to install roof to protect the home from further damage caused by exposure.

33. On 10/05/2023, Plaintiffs wired Jenkins Estates LTD $62,194.49. (Final payment of phase iii)

34. Well was never installed.

35. On 10/11/2023, Plaintiffs wired Jenkins Estates LTD $112,842.45. (50% of phase iv less cabinetry, includes siding installation, electrical, plumbing, HVAC, insulation, remaining project management and overhead)

36. Siding was never stalled.

37. Electrical was never installed.

38. Plumbing was never installed.

39. HVAC was partly installed.

40. Insulation was never installed.

41. On 10/17/2023, Plaintiffs received an e-mail and phone call from the owner of Deleeuw Lumber, in Holland, Michigan. Mr. Deleeuw told Plaintiffs that Jenkins

never paid him for the lumber used to frame the home. The outstanding invoice amount was $174,913.96.

42. Plaintiffs called Jenkins to ask why Deleeuw lumber has not been paid. Jenkins informed Plaintiffs that he had a discrepancy on the invoice he was "working it out" with Deleeuw but would send a check the following week.

43. Jenkins never paid Deleeuw Lumber.

44. Herman Hanko, ("Hanko") owner of Tru-built construction sent an email, on 10/26/2023, to Jodie Beardsley, employee of Jenkins Estates LTD, stating he "did not receive a check yesterday for most recent billing. We can send a crew up next week if we can get [paid] up in full today for everything owed."

45. On 11/02/2023, Hanko sent a follow-up email to Jodie Beardsley & Jenkins stating, "was the check sent out for Ploeg yet? I have heard nothing from you, David since a week ago."

46. Plaintiffs became aware, through the neighbor who resides next to the home, that work had stopped on the home for over a week. Plaintiffs called Hanko to inquire about why his crew was not working. Hanko informed Plaintiffs that Jenkins was past due $40,257.80 and was not responding to requests for payment so he pulled his crew off the job.

47. Hanko informed Plaintiffs that the home was exposed to the elements as it was missing part of the roof, due to a missing dormer, had missing windows and doors, and was not dried in, which allows rain into the structure. Winter was fast

7

approaching, so the home needed to be dried in ASAP or there would be significant damage to the wood framing.

48. Plaintiffs set up a phone call with Jenkins to inquire about the status of the project. Jenkins made no mention of the fact that Hanko walked off the job. Jenkins falsely told Plaintiffs that Hanko was finishing up the framing, installing the windows, and starting the roof within the next few days.

49. On 11/06/2023, after being lied to by Jenkins and his past failure to pay any of the contractors and suppliers, and in order to protect the home from further damage from the weather, Plaintiffs wired Hanko $40,257.80 to pay off the balance due by Jenkins and Hanko agreed to put his crew back on the job.

50. On 11/07/2023, Plaintiffs received a letter from an attorney representing Busschers Septic Tank & Excavating Service, Inc. regarding non-payment of the excavation of the home in the amount of $69,500.00.

51. On 11/09/2023, Plaintiffs set up a meeting with Jenkins to express concerns regarding the delays in the construction, weather damage to the home, missing doors and windows, and nonpayment of materials and subcontractors.

52. Jenkins falsely stated that "West Michigan Lumber will be providing the exterior doors next week." "Plumbing in the basement to start next week." "B&Z to commence the drilling of the well," and Flat work to begin December 1st"

53. The exterior doors did not come the next week because Jenkins never ordered them.

8

54. Plumbing was never going to start in the basement the next week because Jenkins never hired a plumber.

55. The well was not installed because the county inspector never approved the location of the well.

56. Flatwork was never installed.

57. On 11/20/2023, a lien for $69,500.00, was filed on the home into the Register of Deeds in Leelanau County, by Busschers Septic Tank & Excavating Service, Inc.

58. On 11/21/2023, Plaintiffs received a letter from the Environmental Health Sanitarian of Leelanau County, stating that a proposed solution for the septic location needed to be addressed, but no response was ever provided after two months.

59. On 11/27/2023, Plaintiffs received a letter from A&R Flatwork & Poured Walls stating that they were not paid $52,907.00 for the foundation of the home. The letter states "I have tried repeatedly to contact David. He will not return my phone calls or texts."

60. On 11/27/2023, Plaintiffs called Kastas Roofing, Jenkins designated roofer to confirm they are in fact installing the roof. Juan at Kastas Roofing told Plaintiffs that he had been calling and texting David for three weeks to find out what is going on with the roof because they do not install metal roofing.

61. On 11/27/2023, Plaintiffs demanded a return of $218,709.49 of construction funds because Jenkins misrepresented to Plaintiffs that the funds were needed to

9

order materials and pay subcontractors. Jenkins never used the funds to pay for materials or hire subcontractors.

62. No funds were returned to Plaintiffs and Plaintiffs did not receive the requested waivers and releases except for a waiver from Deleeuw Lumber.

63. Deleeuw Lumber only provided the waiver based on a promise from Jenkins that they would be paid on January 15, 2024.

64. Plaintiff later confirmed that Deleeuw Lumber was not paid by Jenkins as promised.

65. On 11/30/2023, Plaintiffs sent Jenkins a "30-Day Demand to Cure"

66. Plaintiffs were left to mitigate damage to the home by hiring contractors, at Plaintiffs own expense, to dry in the home, install underground plumbing, pour the basement and garage, finish installing missing dormers, and install a roof.

67. $786,651.04 in Builder Trust Funds are not accounted for because Defendants diverted the funds to other projects and/or converted to their own personal use.

68. Jenkins intentionally and tortiously converted the Builder Trust Funds for the project by hiring subcontractors to perform the work and then using the Trust Funds for some other purpose than to pay the laborers, subcontractors, or materialmen.

69. Defendants are now unable or unwilling to complete the construction of Plaintiffs' home as promised and have failed to return Trust Funds to Plaintiffs.

70. Jenkins failed to maintain Jenkins Estates LTD corporate form, mingled his personal funds with the corporation's funds, and made improper distributions that left Jenkins Estates LTD without assets to pay creditors.

71.

72. Plaintiffs have been harmed by Defendants actions are now suing for damages.

## COUNT I

### Breach of Contract

73. Plaintiffs restate paragraphs 1 – 70 and incorporate said paragraphs herein by reference.

74. The parties entered into a contract whereby Defendants agreed to construct a home upon Plaintiffs' land in Suttons Bay, Michigan, and Plaintiffs agreed to pay Defendants to build the home.

75. The parties agreed that the home would be built according to the agreed upon plans drawn up by Visbeen architectural firm.

76. Plaintiffs agreed to pay a "fixed" contract price of $1,178,128.38 payable 20% down to start, then paid according to "phases of completion."

77. Defendants agreed to "timely pay all subcontractors and suppliers and shall provide Owner with full unconditional lien waivers from all subcontractors."

78. Plaintiffs made all payments according to the progress Defendants purported to have made towards the phases of completion.

79. Defendants materially breached the contract by 1) using Plaintiffs construction funds for some other purpose than paying for materials and labor in violation of the Michigan Builders Trust Fund Act (MCL 570.152) and 2) failing to provide Plaintiffs with full unconditional lien waivers from all subcontractors.

80. Plaintiffs suffered damages as a direct result of Defendants' breach of contract and Defendants were unjustly enriched.

81. Plaintiffs now sue for damages.

## COUNT II

### Claims under Michigan Builders Trust Fund Act (MCL 570.152)

82. Plaintiffs restate paragraphs 1 – 80 and incorporate said paragraphs herein by reference.

83. Defendants received money for labor and materials necessary to construct Plaintiffs' home, appropriated the money to his own use, and failed to pay subcontractors or materialmen that Plaintiffs engaged to furnish labor or provide materials.

84. Defendants intended to defraud both Plaintiffs and the materialmen as evidenced by the fact that he did not pay the suppliers and the materialmen.

85. Plaintiffs were harmed by Defendants' intentional and fraudulent use of funds held in trust for Plaintiffs' benefit.

## COUNT III

### Fraud

86. Plaintiffs restate paragraphs 1 – 84 and incorporate said paragraphs herein by reference.

87. Jenkins intentionally made misrepresentations to Plaintiffs to induce Plaintiffs to pay $786,651.04 to cover the cost of building materials and labor that he never intended to pay.

88. Jenkins made false statements and misrepresentations to material suppliers and contractors to induce them to perform work with promises of payments that Jenkins never intended to make.

89. Plaintiffs suffered damages by having to pay contractors to perform work after paying Jenkins to complete the very same work, resulting in Plaintiffs paying double for work to continue.

90. Defendants' fraud caused materialman lien(s) to be placed upon Plaintiff's home.

## COUNT IV

### Personal liability of David Jon Jenkins for all claims

91. Plaintiffs restate paragraphs 1 – 89 and incorporate said paragraphs herein by reference.

92. David Jenkins is personally liable for the wrongs committed by Jenkins Estates LTD because he was Jenkins Estates LTD's officer at the time.

93. Jenkins used Jenkins Estates LTD as a mere instrumentality to commit frauds and wrongs on Plaintiffs which caused them to suffer an unjust loss.

94. Jenkins failed to maintain Jenkins Estates LTD corporate form and mingled his personal funds with the corporation's funds, making improper distributions that left Jenkins Estates LTD without assets to pay creditors.

95. Jenkins, in his capacity as sole officer, signed all agreements, checks, and managed the day-to-day operations of Jenkins Estates LTD.

96. Jenkins personally caused Jenkins Estates LTD to act unlawfully.

97. Jenkins is personally liable for conversion.

## COUNT V

### Statutory Conversion MCL 600.2919a

98. Plaintiffs restate paragraphs 1 – 96 and incorporate said paragraphs herein by reference.

99. Plaintiffs paid money into Defendants' Builder Trust Fund Account to be held and used to pay for materials and labor to construct Plaintiffs home.

100. Defendants are the Trustee of the Builder Trust Fund Account.

100. Defendants were prohibited by statute to use any portion of said funds for the benefit of themselves without first paying the material suppliers and laborers.

101. The nature of "trust funds" is that the funds do not belong to the trustee. The trustee only holds the funds in trust for the benefit of a third party.

102. Defendants breached their duty as a trustee and converted funds to their own use and benefit without paying for materials and labor and without returning funds to Plaintiffs.

103. Defendants wrongfully exerted dominion over Plaintiffs' personal property in denial of or inconsistent with their rights.

104. Conversion is an intentional tort for which David Jon Jenkins is personally liable regardless of the corporate form.

105. Plaintiffs have been harmed by David Jon Jenkins's intentional conversion of their personal property.

106. Plaintiffs now seek to recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees per MCL 600.2919a

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as requested above against Defendants and further requests:

    a. An award for Damages for Breach of Contract in the amount of $1,880,293.31;
    b. That the Court disregard the separate existence of Jenkins Estates LTD;
    c. An award of treble damages per MCL 600.2919a;
    d. Incidental and consequential damages;
    e. Punitive damages;

f. An award of attorneys' fees and costs for bringing action; and
g. Any other relief as this Court may deem just and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues so triable.

Respectfully submitted, this 29ᵗʰ day of January 2024.

*[signature]*

**JOHANNES M PLOEG**
Pro se Plaintiff
379 Dunleven Manor Walk
Lawrenceville, Georgia 30043
(678) 382-7537
john@ploegandbrown.com

*[signature]*

**HIEN DAO PLOEG**
Pro se Plaintiff
379 Dunleven Manor Walk
Lawrenceville, Georgia 30043
(678) 849-2461
hienploeg@gmail.com

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHANNES M. PLOEG and<br>HIEN DAO PLOEG,<br><br>　　Plaintiffs,<br><br>vs.<br><br>JENKINS ESTATES LTD and<br>DAVID JON JENKINS<br><br>　　Defendants. | Case No.: |

## VERIFICATION OF VERIFIED COMPLAINT

| | |
|---|---|
| STATE OF MICHIGAN | ) |
| | ) |
| COUNTY OF GRAND TRAVERSE | ) |

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Johannes M Ploeg, who after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon his personal knowledge and belief.

This 29th day of January 2024

*[signature]*
Johannes M Ploeg

Sworn to and subscribed before me this

29th Day of January 2024.

*[signature: Kayla Fitzgerald]*

Notary Public        (SEAL)
My commission expires: May 31st, 2029

KAYLA FITZGERALD
Notary Public - State of Michigan
County of Grand Traverse
My Commission Expires May 31, 2029
Acting in the County of Grand Traverse

18

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JOHANNES M. PLOEG and HIEN DAO PLOEG,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**JENKINS ESTATES LTD and DAVID JON JENKINS**<br><br>**Defendants.** | Case No.: |

## **VERIFICATION OF VERIFIED COMPLAINT**

STATE OF MICHIGAN              )
                               )
COUNTY OF GRAND TRAVERSE       )

Personally appeared before the undersigned attesting officer, duly authorized to administer oaths, Hien Dao Ploeg, who after being duly sworn, deposes and states on oath that the allegations, facts and claims contained in this Verified Complaint are true and correct upon her personal knowledge and belief.

19

This 29th day of January 2024

_____
Hien Dao Ploeg

Sworn to and subscribed before me this

29th Day of January 2024.

_Kayla Fitzgerald_

Notary Public     (SEAL)
My commission expires: May 31st, 2029

KAYLA FITZGERALD
Notary Public - State of Michigan
County of Grand Traverse
My Commission Expires May 31, 2029
Acting in the County of Grand Traverse

20