IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHANNES M. PLOEG and HIEN DAO PLOEG,<br><br>    Plaintiffs,<br><br>    vs.<br><br>JENKINS ESTATES LTD and DAVID JON JENKINS<br><br>    Defendants. | Case No.:   1:24-cv-00089<br><br>Hon. Paul L. Maloney<br><br>**ORAL ARGUMENT REQUESTED** |

| | |
|---|---|
| Johannes M. Ploeg<br>*Pro Se*<br>379 Dunleven Manor Walk<br>Lawrenceville, GA 30043<br>(678) 382-7537<br>john@ploegandbrown.com<br><br>Hien Dao Ploeg<br>*Pro Se*<br>379 Dunleven Manor Walk<br>Lawrenceville, GA 30043<br>(678) 849-2461<br>hien@ploegandbrown.com | Daniel J. Hatch (P79258)<br>Butzel Long, P.C.<br>Attorney for Defendants<br>300 Ottawa Ave., NW, Ste. 620<br>Grand Rapids, MI 49503<br>hatchd@butzel.com |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Hien Dao Ploeg and Johannes M. Ploeg, (together, "Plaintiffs"), hereby move

pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction ordering

1

Defendants' to pay into the court the Builder Trust Funds paid by Plaintiffs to Defendants and order Defendants to bond off or otherwise remove liens filed by materialmen against Plaintiffs' home until this Court has an opportunity to issue a final judgment on the merits.

Plaintiffs make this motion for preliminary injunction on the grounds that (1) Plaintiffs have demonstrated a likelihood of succeeding on the merits of their claim; (2) Plaintiffs are likely to suffer irreparable harm in the absence of the relief requested; (3) the harm Plaintiffs are likely to suffer if the preliminary injunction is denied outweighs the harm that Defendants are likely to suffer as a result of the preliminary injunction; and (4) the public interest favors issuing the preliminary injunction.

## **PRELIMINARY STATEMENT**

Defendants intentionally and tortiously made false statements and misrepresentations to induce Plaintiffs to pay 80% of the cost to build their home to Defendant(s) in advance, hired subcontractors to perform the work without any intention of payment resulting in liens placed on Plaintiff's home.

New evidence has been obtained by Plaintiffs that prove Defendant(s) have fraudulently converted Builder Trust Funds on multiple construction projects across the State of Michigan leading to homeowners filing police reports in multiple counties. The complaints have similar fact patterns as those alleged in Plaintiff's verified complaint which indicates that Defendant(s) set out to defraud Plaintiffs at

2

the onset and have no intention of using the trust funds to complete Plaintiffs' home but rather has or will convert the funds towards Defendant(s) personal use.

Plaintiffs are likely to suffer irreparable harm in the absence of the relief requested as they are unable to secure funding because of liens for which Defendant(s) is legally obligated to remove from Plaintiff's home, and though Plaintiffs are likely to succeed on the merits of their claims, there is overwhelming evidence that Defendant(s) is actively concealing and or converting Plaintiffs Trust Funds resulting in a high probability that the Trust Funds will be beyond the reach of Plaintiff before final judgment on this matter.

## FACTUAL BACKGROUND

Plaintiffs incorporate the facts within their verified complaint filed on January 30, 2024. (ECF No. 1).

Plaintiffs seeks to introduce additional facts contained in Plaintiff's affidavit submitted along with Plaintiff's Notice of Motion and Motion to Seal.

## ARGUMENT

"The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." United Food Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 348 (6th Cir. 1998) (citing Stenberg v. Checker Oil Co., 573 F.2d 921, 925 (6th Cir. 1978))

3

A district court must balance four factors in determining whether to grant a preliminary injunction: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." Bays v. City of Fairborn, 668 F.3d 814, 818-19 (6th Cir. 2012) (citing Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007)).

## PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR COMPLAINT

To satisfy the first prong of the preliminary injunction analysis, Plaintiffs must demonstrate a likelihood of succeeding on the merits of their claim. Here, Plaintiff's claim(s) are straightforward; Plaintiffs paid Defendants monies to be used for payment(s) to laborers, subcontractors and materialmen, engaged by Defendant(s) to perform labor or provide materials for the construction of their home. Per Michigan statute, those funds were to be held in "trust" "for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes."

### RELEVANT STATUTES – BUILDING CONTRACT FUND Act 259 of 1931

> **570.151 Building contract fund; status as a trust fund. Sec. 1.** In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a **trust fund,** for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes
>
> **570.152 Building contract fund; fraudulent detention or use by contractor or subcontractor, penalty. Sec. 2**. Any contractor or subcontractor engaged in the building construction business, who, with intent to defraud, shall retain or use the proceeds or any part therefor, of any payment made to him, for any other purpose than to **first pay laborers, subcontractors and materialmen**, engaged by him to perform labor or furnish material for the specific improvement, shall be **guilty of a felony** in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any persons so defrauded, and, upon conviction, shall be punished by a fine of not less than 100 dollars or more than 5,000 dollars and/or not less than 6 months nor more than 3 years imprisonment in a state prison at the discretion of the court.
>
> **570.153 Building contract fund; evidence of fraudulent detention or use. Sec. 3**. The appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud.

Per the Building Contract Fund Act "the appropriation by a contractor, or any subcontractor, of any moneys paid to him for building operations before the payment by him of all moneys due or so to become due laborers, subcontractors, materialmen or others entitled to payment, shall be evidence of intent to defraud." Here, the very fact that liens have been filed against Plaintiff's home, and lawsuits filed by subcontractors for non-payment, is direct evidence the money held in trust by Defendant(s) was not paid to the materialmen, in addition there is $786,651.04 held

5

in Trust on this project for which a majority is allocated for work that has not been performed and must be returned to Plaintiffs.

## **PLAINTIFFS WILL SUFFER IRREPARABLE INJURY ABSENT AN INJUNCTION**

If this Court does not grant this injunction, Plaintiffs, will suffer irreparable because of the fact that construction on Plaintiff's home cannot be completed without access to the money held in trust by Defendant(s). Banks are unwilling to provide construction loans on homes that are already under construction. The only bank that would possibly give Plaintiff's a loan would do so on the condition that the liens placed on the home are removed. Plaintiffs do not have the funds to remove the liens because Defendant(s) are holding the funds and refuse to pay the liens. Defendant(s) have also made no effort to bond off the liens as is required by Michigan law.

Overwhelming evidence proves that Defendant(s) have engaged in the practice of fraudulently converting builder trust funds for personal use on multiple projects. Lawsuits alleging violations of the Michigan Building Contract Fund Act have been filed in multiple counties across the state. Multiple police reports have been filed against Defendant(s).

Plaintiffs will suffer further irreparable injury if required to wait until the Court's final judgment on the merits because (1) unless the home is completed in a timely manner, it will be exposed to the elements and suffer damage that may destroy the

6

structure, and (2) The funds necessary to complete the home are held in trust by Defendant and may not be available because evidence shows that Defendant may have already converted the funds and/or is in the process of concealing the funds which would cause irreparable injury to Plaintiffs.

## THE HARM PLAINTIFFS ARE LIKELY TO SUFFER IF THE PRELIMINARY INJUNCTION IS DENIED OUTWEIGHS THE HARM THAT THE DEFENDANTS ARE LIKELY TO SUFFER AS A RESULT OF THE PRELIMINARY INJUNCTION

Here, Plaintiff's harm, should the preliminary injunction be denied, is the loss of their home and savings. Defendant(s) would not suffer any harm because as the trustee of the funds, the funds do not belong to Defendants so using the funds to pay off the liens, or bond off the liens, on Plaintiff's home does not harm Defendant(s). Also, since these are trust funds, and since the funds do not belong to Defendant(s), there would be no harm to Defendant(s) if the funds were deposited into the Court until the conclusion of this matter.

Therefore, the harm Plaintiffs are likely to suffer if the preliminary injunction is denied outweighs the harm, by far, that Defendant(s) are likely to suffer as a result of the preliminary injunction because the trust funds are not the property of the Defendant(s). Defendant(s) is the trustee of the funds and evidence shows that Defendant(s) has a pattern of converting trust funds from multiple projects to his use

benefit. For these reason, the Court show grant Plaintiffs' motion preliminary injunction to protect the trust funds from conversion by Defendant(s).

## **GRANTING AN INJUNCTION WILL NOT CAUSE SUBSTANTIAL HARM TO OTHERS AND IS IN THE PUBLIC INTEREST**

Granting an injunction is in the public interest because the Michigan Legislature has long recognized the public interest in protecting construction funds held in trust for the benefit of materialmen and homeowners. The Michigan Building Contract Fund Act 259 of 1931 states that contractors "shall be guilty of a felony in appropriating such funds to his own use while any amount for which he may be liable or become liable under the terms of his contract for such labor or material remains unpaid, and may be prosecuted upon the complaint of any persons so defrauded." Here, granting an injunction ordering Defendant(s) to comply with the statute is most definitely in the public interest.

This Court should therefore issue a preliminary injunction while the case is being litigated.

CONCLUSION For the foregoing reasons, this Court should grant Plaintiffs' Motion for Preliminary Injunction and direct Defendant(s) to remove all liens upon Plaintiff's home and deposit into the court the monies held in trust totaling $786,651.04.

Respectfully submitted,

/s/ Johannes M. Ploeg
Johannes M. Ploeg, *pro se*
Plaintiff
379 Dunleven Manor Walk
Lawrenceville, GA 30043
(678) 382-7537
john@ploegandbrown.com

/s/ Hien Dao Ploeg
Hien Dao Ploeg, *pro se*
Plaintiff
379 Dunleven Manor Walk
Lawrenceville, GA 30043
(678) 849-2461
hien@ploegandbrown.com

DATED: March 21, 2024

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed on March 21, via the CM/ECF system, and that the foregoing has been served by U.S. Priority Mail on Defendant through his attorney.

        Daniel J. Hatch (P79258)
        Butzel Long, P.C.
        Attorney for Defendants
        300 Ottawa Ave., NW, Ste. 620
        Grand Rapids, MI 49503
        hatchd@butzel.com

        /s/ Johannes M Ploeg

## CERTIFICATE OF COMPLIANCE

This document was prepared using Microsoft® Word for Microsoft 365 MSO (Version 2402 Build 16.0.17328.20124) 64-bit. The word count for the brief provided by the word-processing software is 2031, which is less than the 4,300-word limit for briefs filed in support of a nondispositive motion.

/s/ Johannes M Ploeg